# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2010

No. 09-50947
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY GARCIA-ESPARZA, also known as Gira,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CR-425-5

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Johnny Garcia-Esparza seeks authorization to proceed in forma pauperis (IFP) to appeal the district court's denial of his motion for a new trial. Garcia-Esparza was convicted by a jury following a trial on a number of charges stemming from his participation in a Texas Mexican Mafia organization. *United States v. Valles*, 484 F.3d 745, 747-52 (5th Cir. 2007). The district court sentenced him to 660 months of imprisonment on one count, to run concurrently with 240 months of imprisonment on each of several other counts, and to run

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consecutively to a 60-month term of imprisonment on one final count. Garcia-Esparza filed a motion for a new trial, arguing that he had newly discovered evidence that would impeach the testimony of a witness at trial. The district court denied the motion and denied Garcia-Esparza leave to proceed IFP after certifying that the appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Garcia-Esparza now moves this court for leave to proceed IFP on appeal. By doing so, Garcia-Esparza is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Garcia-Esparza has also filed a motion to supplement. We grant the motion to supplement and consider Garcia-Esparza's supplemental motion.

Our inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). Motions for new trial based on newly discovered evidence are disfavored. *United States v. Wall*, 389 F.3d 457, 467 (5th Cir. 2004). To justify a new trial on the ground of newly discovered evidence, the movant must show that

> (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal.

*Id.* at 470 (citations omitted). "Failure to satisfy one part of this test requires denial of the motion for new trial." *United States v. Pena,* 949 F.2d 751, 758 (5th Cir. 1991).

To the extent that Garcia-Esparza argues that the evidence he has discovered shows that Government witness George Autobee lied extensively on the witness stand and was, therefore, not a credible witness, the evidence is

impeaching and not a basis for a new trial. *See Wall*, 389 F3.d at 470. The evidence of later criminal charges against Autobee does not exonerate Garcia-Esparza and only discredits Autobee's testimony generally. *See Pena*, 949 F.2d at 758. To the extent that Garcia-Esparza argues that a careful examination of the trial transcripts reveals inconsistencies, such as conflicting reports as to drug quantities or conflicting dates, his evidence is not newly discovered. *See United States v. Severns*, 559 F.3d 274, 280 (5th Cir. 2009).

Garcia-Esparza has not shown that his appeal will raise nonfrivolous issues. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Garcia-Esparza's IFP motion is DENIED. *See Howard*, 707 F.2d at 219-20. His appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.